40-10/MF
FREEHILL, HOGAN & MAHAR
Attorneys for Defendant
CMA-CGM, SA
80 Pine Street, 24th Floor
New York, New York 10005-1759
(212) 425-1900
Michael Fernandez

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

MATTEL, INC.,

     Plaintiff,

 -against-

M/V "CMA-CGM VIVALDI", her engines,
boilers, etc. and CMA-CGM, SA,

     Defendant
-----------------------------------------------------x

CMA-CGM, SA,

    Third-Party Plaintiff,

  -against-

BNSF RAILWAY COMPANY,

    Third-Party Defendant.
-----------------------------------------------------x

            09 CV 9683 (JGK)


      **THIRD PARTY COMPLAINT**


   Third-Party Plaintiff, CMA-CGM SA ("CMA") by its attorneys, Freehill, Hogan &

Mahar LLP, as and for a Third-Party Complaint against Third-Party Defendant BNSF

RAILWAY COMPANY ("BNSF"), alleges upon information and belief as follows:

   1. This is an admiralty and maritime claim within the meaning of Rule 9(h).  Defendant

Third Party Plaintiff CMA invokes the maritime procedures specified in Rule 9(h).

NYDOCS1/345121.1

2. Defendant and Third-Party Plaintiff CMA is a foreign business entity with a place of business at 4, Quai d'Arenc Marseille, France 13002, and at all material times was the bill of lading issuer in an intermodal carriage of goods from Chiwan, China, to Fort Worth, Texas.

3. Third-Party Defendant BNSF is a business entity incorporated in one of the states of the United States with its principal place of business at 2650 Lou Menk Drive, Fort Worth, Texas 76131-2830, and an office at 1 Santa Fe Plaza, P.O. Box 1738, Topeka, Kansas 66601-1738.

4. On or about November 20, 2009, Plaintiff MATTEL, INC. ("MATTEL") commenced an action by the filing of a Complaint dated November 20, 2009 in the United States District Court, Southern District of New York, a true and correct copy of which is attached hereto as Exhibit A.

5. On or about January 29, 2010 Defendant CMA filed and served an Answer to the Complaint, a true and correct copy of which is attached hereto as Exhibit B.

6. This Court has subject matter jurisdiction over this action in that the action arises from intermodal carriage of goods in interstate and international maritime commerce and is governed by federal common law and federal statues, including the United States Carriage of Goods by Sea Act ("COGSA") (46 U.S.C. 30701, Historical and Statutory Notes), formerly 46 U.S.C. §1300 et seq., and/or the Carmack Amendment to the ICC Termination Act of 1995 (49 U.S.C. §11706) and/or other federal law and falls within the Court's federal question, supplemental, ancillary, and pendant jurisdiction.

7. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 in that diversity of citizenship exists between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

8. On or about November 4, 2008 Defendant Third-Party Plaintiff CMA issued bills of lading

for the shipment of various containerized cargo consigned to Plaintiff MATTEL INC. ("MATTEL Shipments") from Chiwan, China to Long Beach California with further transport by rail to Fort Worth, Texas as set forth in Exhibit C. CMA reserves its rights to amend or supplement this list as necessary.

9. Plaintiff and CMA delivered the MATTEL Shipments to BNSF for rail transport and carriage from California to Texas on or about November 2008, which were then and there accepted by BNSF for delivery in the same order and condition as received.

10.     Plaintiff alleges that the MATTEL Shipments were delivered to MATTEL at Fort Worth, Texas in a short, slack and damaged condition and as a result alleges damages in the sum of $1,500,000.00.

11.     If Plaintiff's allegations are true, which is expressly denied, the MATTEL Shipments, in whole or in part, were damaged while in the care, custody and/or control of BNSF, their agents, sub-contractors, servants and/or assigns as a result of a derailment which took place approximately 65 miles east of Amarillo near the town of Clarendon, Texas on or about November 22, 2008. As a result, BNSF failed to make delivery of the MATTEL Shipments in the same order and condition as when received.

12.     CMA has performed all conditions on its part to be performed.

13.     This Third-Party Complaint is filed by CMA without prejudice to or waiver of any foreign forum selection clause, or other defenses contained in CMA's bill of lading, tariff or otherwise.

**FIRST COUNT WITH RULE 14(c) TENDER**

14.      Third-Party Plaintiff CMA repeats and realleges paragraphs 1 through 13 above with the same force and effect as if fully set forth herein.

15.      If any cargo loss, damage or shortages were sustained by Plaintiff as alleged in the Complaint, which is specifically denied, said loss, damage, or shortages were caused by or contributed to by the act, fault, negligence, carelessness, omission, breach of duty, breach of bailment, breach of contract and/or breach of warranty (express or implied) on the part of Third-Party Defendant BNSF, their agents, sub-contractors, servants and/or assigns.

16.      If any liability shall be imposed on Defendant/Third Party Plaintiff for the reasons set forth in the Complaint, CMA should be awarded damages for indemnity and contribution against Third Party Defendant together with costs, disbursements and reasonable attorney's fees of this action.

17.      CMA is entitled to recover surveyor, consultant and expert fees, costs, expenses and other expenditures arising from or related to the derailment from BNSF along with reasonable attorney's fees.

18.      In accordance with F.R.C.P. 14(c), CMA hereby tenders Third-Party Defendant BNSF directly to the Plaintiff as a party that is wholly or partially liable to Plaintiff for Plaintiff's alleged damages and demands that Third-Party Defendant BNSF respond directly to the Complaint as an original Defendant in this proceeding.

**SECOND COUNT**

19.      Third-Party Plaintiff CMA repeats and realleges each and every allegation

contained in paragraphs 1 through 18 of this Third-Party Complaint with the same force and effect as if more fully set forth herein.

20.     In addition to the MATTEL Shipments, CMA delivered additional containerized cargo ("Additional Shipments") to BNSF carried under bills of lading issued by CMA for rail transport and carriage from California to Texas on or about November 2008, which were then and there accepted by BNSF for delivery in the same order and condition as received.

21.     To the extent any Additional Shipments sustained damage as has been or may be alleged, which is denied, said damages, in whole or in part, occurred while the Additional Shipments were in the care, custody and/or control of BNSF, their agents, sub-contractors, servants and/or assigns as a result of a derailment which took place approximately 65 miles east of Amarillo near the town of Clarendon, Texas on or about November 22, 2008 resulting in the failure of BNSF to make delivery of these Additional Shipments in the same order and condition as when received.

22.     To the extent any of these Additional Shipments sustained any loss, damage or shortage said loss, damage or shortage was caused by or contributed to by the act, fault, negligence, carelessness, omission, breach of duty, breach of bailment, breach of contract and/or breach of warranty (express or implied) on the part of Third-Party Defendant BNSF, their agents, sub-contractors, servants and/or assigns.

23.     Third Party Defendant BNSF is liable for any and all damages arising from or related to these Additional Shipments.

24.     If any liability shall be imposed on Third-Party Plaintiff CMA, for the reasons set forth herein CMA should be awarded damages for indemnity and contribution against BNSF, together with costs, disbursements and reasonable attorney's fees of this action.

25.     CMA is entitled to recover surveyor, consultant and expert fees, costs, expenses and other expenditures arising from or related to the derailment from BNSF along with reasonable attorneys fees.

26.     Cargo claims asserted against CMA by the owner(s) of said Additional Shipments and/or holders of bills of lading on their own behalf and/or on behalf of others with interest include but are not limited to those claims set forth in Exhibit D in the amount of $73,460.74 as nearly as the same can now be estimated.  CMA reserves its right to amend or supplement Exhibit D with additional claims or amounts as necessary.

27.     CMA is entitled to recover any and all damages of whatsoever nature from Third Party Defendant BNSF relating to or arising from the subject derailment including but not limited to damages for cargo, containers, equipment, and/or liability to third party(ies) for same.

28.     CMA has performed all conditions on its part to be performed.


WHEREFORE, Third-Party Plaintiff CMA respectfully requests the following relief:

A. That Third Party Defendant answer and respond to the Complaint of Plaintiff in accordance with Rule 14(c) of the Federal Rules of Civil Procedure;

B. That judgment is granted in favor of Plaintiff against Third Party Defendant pursuant to Rule 14(c) of the Federal Rules of Civil Procedure for the entire amount of any liability that may be judicially determined;

C. That CMA be granted indemnity or contribution pursuant to Rule 14(c) from the Third-Party Defendant for the entire amount or any amount for which CMA may be found liable to Plaintiff;

D. That judgment be entered in favor of CMA against Third Party Defendant for all amounts claimed together with interest, costs and disbursements; and

E. That CMA be granted such other and further relief as may deemed just and proper in the premises including all costs, reasonable attorneys' fees and disbursements incurred in this action.

Dated: New York, New York
      January 29, 2010

                    FREEHILL, HOGAN & MAHAR LLP
                    Attorneys for Defendant and Third-Party Plaintiff
                    CMA-CGM SA

By:
                    Michael Fernandez
                    80 Pine Street
                    New York, New York 10005-1759
                    (212) 425-1900

To:      Marshall, Dennehey, Warner, Coleman & Goggin
         Attorneys for Plaintiff
         MATTEL INC.
         88 Pine Street, 21st Floor
         New York, NY 10005-1801
         (212) 376-6400
         Attention: William R. Connor III
         Your Ref: GM-09-3701 WRC/TF

To:      BNSF RAILWAY COMPANY
         One Santa Fe Plaza
         P.O. Box 1738
         Topeka, KS 66601-1738

# EXHIBIT A

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

MATTEL, INC., Plaintiff

### SUMMONS IN A CIVIL ACTION

V.

M/V "CMA-CGM VIVALDI", her engines, boilers,
etc. and CMA-CGM, SA, Defendant

CASE NUMBER:   09 CV

 CV   9683

TO: (Name and address of Defendant)

    CMA-CGM, SA
    c/o CMA-CGM (AMERICA), LLC
    300 LIGHTING WAY  2ND FLOOR
    SECAUCUS, NJ  07094

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    McDERMOTT & RADZIK, LLP
    WALL STREET PLAZA
    88 PINE STREET
    NEW YORK, NEW YORK  10005

an answer to the complaint which is served on you with this summons, within _____ twenty (20) _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

NOV 2 0 2009

J. MICHAEL Mc

CLERK

(By) DEPUTY CLERK

DATE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MATTEL, INC.,

                        Plaintiff,             09 CV

           -against-                   **VERIFIED COMPLAINT**

M/V "CMA-CGM VIVALDI", her engines,
boilers, etc. and CMA-CGM, SA,

                        Defendant.

----------------------------------------------------------------X

1.      This is a case of contract, cargo damage and non-delivery of cargo, civil and maritime and is an admiralty and maritime claim within the meaning of the Rule 9(h). Plaintiff invokes the maritime procedures specified in Rule 9(h).

2.      Plaintiff, MATTEL, INC., is a legal entity organized under the law, with an office located at 333 Continental Blvd., El Segundo, California 90245. Defendant, CMA-CGM, SA, is a legal entity organized under the law, with an agent, CMA-CGM (AMERICA), LLC, located at 300 Lighting Way, 2nd Floor, Secaucus, New Jersey 07094.

3.      During all times herein mentioned, defendant was the owner and/or operator of the M/V "CMA-CGM VIVALDI" and operated it in the common carriage of goods by water for hire between Chiwan, China and Long Beach, California, with on carriage to Fort Worth Texas.

4.      The M/V "CMA-CGM VIVALDI" is now or during the pendency of this action will be, within this District.

5.      On or about November 4, 2008, TAUNUS PRINTING (HK) CO. LTD. O/B MATTEL ASIA PACIFIC SOURCING LTD.; JET FAIR INDUSTRIAL LTD.; OP PRINTING

LTD.; CHANG AN MATTEL TOYS 2^(ND) FACTORY O/B MATTEL ASIA PACIFIC

SOURCING LTD. and RADICA (MACAO COMMERCIAL OFFSHORE) LTD.,

delivered a shipment of cartons of toys, games, dolls, electronic games, plastic jewelry,

card games and other various toys to defendant, as a common carrier at the port of

Chinwan in good condition, for transportation on board the M/V "CMA-CGM

VIVALDI" to Long Beach, California and on carriage to Fort Worth, Texas delivery to

plaintiff in consideration of an agreed freight and pursuant to the valid terms and

conditions of clean on board bills of lading issued by defendant and the M/V "CMA-

CGM VIVALDI" and a Service Contract entered into between MATTEL, INC. and

CMA-CGM, SA.

6.    Defendant caused said goods, still in good order and condition to be laden on board the

M/V "CMA-CGM VIVALDI".  On or about November 22, 2008, the M/V "CMA-CGM

VIVALDI" arrived at the port of Long Beach and thereafter failed to deliver said

shipment at Fort Worth, Texas in a sound condition but rather in a short, slack and

damaged condition.

7.    Prior to November 22, 2008, plaintiff became for value the owner of said shipment and

the owner and hold of said clean on-board bills of ladings and brings this suit on its own

behalf and that of all others interested in said shipment.

8.    All conditions precedent required of plaintiff and of all others interested in said shipment

have been performed.

9.    By reason of the premises, plaintiff and those on whose behalf this suit is brought have

sustained damages in the sum of $1,500,000.00, as nearly as the same can now be

estimated, no part of which has been paid although duly demanded.

2

**WHEREFORE**, plaintiff prays:

1.   That the M/V "CMA-CGM VIVALDI" be arrested;

2.   That process issue against defendant CMA-CGM, SA and that defendant be cited
     to appear and answer the allegations of the Complaint;

3.   That an interlocutory judgment be entered in favor of the plaintiff against the M/V
     "CMA-CGM VIVALDI" and against defendant directing that the plaintiff recover
     its damages and that the M/V "CMA-CGM VIVALDI", be condemned and sold
     and the proceeds of sale be applied to the payment to plaintiff of the sums found
     due it;

4.   That the amount due plaintiff be computed by further proceedings before a
     Magistrate, pursuant to Rule 53(b) and/or by further proceedings before the Court,
     pursuant to Rule 42(b);

5.   That final judgment against defendant and the M/V "CMA-CGM VIVALDI", be
     entered in favor of the plaintiff for the amount found due plaintiff with interest
     and with costs; and

6.   That plaintiff have such other and further relief as may be just.

Dated: New York, New York
       November 20, 2009

                              McDERMOTT & RADZIK, LLP
                              Attorneys for Plaintiff

                    By:       _____
                              William R. Connor III (WC-4631)
                              Wall Street Plaza
                              88 Pine Street
                              New York, New York  10005
                              212-376-6400
                              File No.: GM-09-3701 WRC/TF

STATE OF NEW YORK        )
                                          : S.S.
COUNTY OF NEW YORK   )

WILLIAM R. CONNOR III, being duly sworn, deposes and says:

I am a member of the firm of McDermott & Radzik, LLP. attorneys for the Plaintiffs in this action.

I have read the foregoing Verified Complaint, know the contents thereof, and the same is true to the best of my knowledge, information and belief.

The sources of my information and the grounds of my belief are documents in the possession of my firm.

William R. Connor III (WC 4631)

Sworn to before me this
20th day of November, 2009

Notary Public

MATTHEW T. LOESBERG
Notary Public, State of New York
No. 02LO6051626
Qualified in New York County
Commission Expires 12-17-2010

JUDGE KOELTL    '09 CIV 9683

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

MATTEL, INC.,

                                    Plaintiff,

            -against-

M/V "CMA-CGM VIVALDI", her engines,
boilers, etc. and CMA-CGM, SA,

                                    Defendant.

-------------------------------------------------------X

RECEIVED
09 NOV 20 2009
RULE 7.1
U.S.D.C. S.D. N.Y.
CASHIERS

        Pursuant to Rule 7.1 of the General Rules of the Southern District of New York and to

enable judges and magistrates of the court to evaluate possible disqualification of recusal, the

undersigned attorney of record for Plaintiff certifies that the following are corporate parents,

subsidiaries, or affiliates of that party:

                                    NONE

Dated: New York, New York
        November 20, 2009

                            William R. Connor III (WC-4631)

# EXHIBIT B

40-10/MF
FREEHILL, HOGAN & MAHAR
Attorneys for Defendant
CMA-CGM, SA
80 Pine Street, 24th Floor
New York, New York 10005-1759
(212) 425-1900
Michael Fernandez

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
MATTEL, INC.,

                Plaintiff,

-against-                              09 CV 9683 (JGK)

M/V "CMA-CGM VIVALDI", her
engines,
boilers, etc. and CMA-CGM, SA,         **CMA-CGM SA's**

                             **ANSWER TO COMPLAINT**

             Defendant
-----------------------------------------------------x

       Defendant, CMA-CGM SA ("CMA"), by its attorneys, Freehill, Hogan & Mahar

LLP, as and for its Answer to the Complaint, alleges upon information and belief as

follows:

1. Admits that this is an admiralty and maritime claim under Rule 9(h) of the Federal

    Rules of Civil Procedure, but except as so admitted denies the remaining

    allegations contained in the paragraph 1 of the Complaint.

2. Denies knowledge and information sufficient to form a belief with respect to the

    allegations contained in the paragraph 2 of the Complaint.

3. Admits that at all times relevant, defendant was the operator of the M/V CMA-

    CGM VIVALDI which was operated in the common carriage of goods by water

NYDOCS1/345197.1

for hire between Chiwan, China and Long Beach, California, but except as to admitted denies knowledge and information sufficient to form a belief with respect to remaining allegations contained in paragraph 3 of the Complaint.

4. Denies knowledge and information sufficient to form a belief with respect to the allegations contained in the paragraph 4 of the Complaint.

5. Admits that CMA issued various through bills of lading for cargoes carried from Chinwan, China to Long Beach, CA for further inland carriage by rail to Fort Worth Texas in consideration of an agreed freight, and except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph 5 of the Complaint.

6. Denies knowledge and information sufficient to form a belief with respect to the allegations contained in the paragraph 6 of the Complaint.

7. Denies knowledge and information sufficient to form a belief with respect to the allegations contained in the paragraph 7 of the Complaint.

8. Denies knowledge and information sufficient to form a belief with respect to the allegations contained in the paragraph 8 of the Complaint.

9. Denies the allegations contained in the paragraph 9 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

10. This litigation must be dismissed pursuant to a forum selection clause in the bill of lading.

### SECOND AFFIRMATIVE DEFENSE

11. Plaintiff failed to give timely notice as to the alleged damage or loss and/or plaintiff's claims are time barred, in whole or in part, by the applicable legislation, dock receipts, bills of lading, tariffs, charters, contracts of affreightment and/or service contracts.

### THIRD AFFIRMATIVE DEFENSE

12. Plaintiff is not the real party in interest or proper plaintiff to assert the claims set forth in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

13. Plaintiff has failed to include in its Complaint indispensable parties to the action.

### FIFTH AFFIRMATIVE DEFENSE

14. The shipments described in the Complaint were received, loaded, carried, discharged and/or delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, bills of lading, tariffs, charters, contracts of affreightment and/or service contracts by which the shipper, owner, consignee and holders of said bills of lading are bound.  Any loss, damage or shortage to the goods, which is denied, was due to a cause or causes for which Answering Defendant is not liable by virtue of the terms of any such applicable dock receipts, bills of lading, tariffs, charters, contracts of affreightment and/or service contracts and Answering Defendant is entitled to any and all defenses and rights provided for in same.

### SIXTH AFFIRMATIVE DEFENSE

15. The shipments described in the Complaint were received, loaded, carried, discharged, and/or delivered subject to the terms, conditions, limitations,

exceptions and exonerations of the United States Carriage of Goods by Sea Act

("COGSA") (46 U.S.C. 30701, Historical and Statutory Notes), formerly 46

U.S.C. §1300 *et seq.*, the Carmack Amendment to the ICC Termination Act of 1995

(49 U.S.C. §14706), or other U.S. (federal or state) or foreign legislation pertinent

to this carriage and/or the General Maritime Law and/or foreign law.  If any loss,

damage or shortage resulted to the goods, which is denied, it was due to a cause or

causes for which Answering Defendant is not liable by virtue of the terms of the

aforementioned law and/or legislation.

### SEVENTH AFFIRMATIVE DEFENSE

16. Any loss or damage to the goods as alleged in the Complaint, which is denied,

   occurred due to a pre-shipment condition of the goods and/or when the goods

   were out of the care, custody and control of Answering Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

17. Any loss or damage to the goods as alleged in the Complaint, which is denied,

   was caused by or contributed to by Plaintiff and/or other third-parties, and not by

   Answering Defendant.

### NINTH AFFIRMATIVE DEFENSE

18. The liability of Answering Defendant, if any and which is specifically denied, is

   limited by the applicable dock receipts, bills of lading, tariffs, charters, service

   contract, and/or COGSA's limitation of $500 per package, or if the goods are not

   shipped in packages, $500 per customary freight unit or other limitation as may be

   applicable to this shipment under U.S. (federal or state) or foreign law.

## TENTH AFFIRMATIVE DEFENSE

19. Any loss or damage to the cargoes as alleged in the Complaint arose without Answering Defendant's actual fault or privity and without fault or negligence of its agents or servants or anyone for whom it is responsible, and therefore, Answering Defendant cannot have any liability for such loss or damage.

## ELEVENTH AFFIRMATIVE DEFENSE

20. Plaintiff has failed to properly and fully mitigate its damages.

## TWELFTH AFFIRMATIVE DEFENSE

21. The Complaint fails to state a claim of action upon which relief can be granted.

## THIRTEENTH AFFIRMATIVE DEFENSE

22. This in an inconvenient and/or improper forum in which to bring the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

23. This Court lacks in personam jurisdiction over the Answering Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

24. Insufficient and/or improper service of process over Answering Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

25. Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

## SEVENTEENTH AFFIRMATIVE DEFENSE

26. Answering Defendant reserves the right to amend this Answer if and once additional information is obtained through discovery.

### EIGHTEENTH AFFIRMATIVE DEFENSE

27. The Complaint fails to specify any applicable bill(s) of lading relevant to the shipments in question.


**WHEREFORE,** Defendant CMA prays:

(a)   That the Complaint be dismissed together with costs and expenses incurred in defense of this action;

(b)   That the Court adjudge that CMA have no liability for any of the matters alleged in the Complaint;

(c)   That CMA be awarded all costs including attorney's fees; and

(d)   That CMA be awarded such other, further and different relief as may be deemed just, proper and equitable in the premises.


Dated: New York, New York
       January 29, 2010


FREEHILL, HOGAN & MAHAR LLP
Attorneys for Defendant
CMA-CGM SA

By:   _____
      Michael Fernandez
      80 Pine Street
      New York, New York 10005
      (212) 425-1900


NYDOCS1/345197.1                          6

To:     Marshall, Dennehey, Warner, Coleman & Goggin
        Attorneys for Plaintiff
        MATTEL INC.
        88 Pine Street, 21st Floor
        New York, NY 10005-1801
        (212) 376-6400
        Attention: William R. Connor III
        Your Ref: GM-09-3701 WRC/TF

To:     BNSF RAILWAY COMPANY
        One Santa Fe Plaza
        P.O. Box 1738
        Topeka, KS 66601-1738

# EXHIBIT C

## Exhibit C

| Bill of Lading (CMDU) | Containers |
|---|---|
| SZ1465518 | CMAU5205327 |
| SZ1465385 | CMAU5524129<br>CMAU5215393<br>EMCU9770205<br>EMCU9890788 |
| SZ1465516 | CMAU5390919 |
| SZ1463641 | EMCU4611495<br>TRLU6194240<br>CMAU8205362 |
| SZ1465507 | CMAU5357464 |
| SZ1465293 | CMAU5181375<br>CMAU5451017 |
| SZ1465469 | EMCU9609361<br>CMAU5254574<br>CMAU5110746<br>CMAU5439900<br>CMAU5431406 |
| SZ1464802 | EMCU4187896<br>SCZU3937080<br>CMAU8199249 |
| SZ1465663 | TOLU1711319 |
| SZ1465380 | CMAU5169301<br>EMCU9775845<br>CMAU5357417 |
| SZ1465496 | CMAU5274903 |
| SZ1465511 | CMAU5251410 |
| SZ1463638 | EMCU9649791 |

| Bill of Lading (CMDU) | Containers |
|---|---|
| SZ1465499 | CMAU5097768 |
| SZ1465503 | CMAU5535191 |
| SZ1465537 | CMAU8225559<br>CMAU8052197 |
| SZ1465510 | CMAU8211365<br>CMAU8044416<br>CMAU8212485 |

# EXHIBIT D

## Exhibit D

| Bill of Lading | Container | Amount Claimed | |
|---|---|---|---|
| NBXW306615 | INBU5462485 | $ | 2,513.61 |
| | | | |
| NBXW306617 | TRLU6462955 | $ | 57,847.79 |